NO. 07-01-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 14, 2002

_____

TROY LEE HARMS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 34,541-E; HON. ABE LOPEZ, PRESIDING

_____

***ABATEMENT AND REMAND***

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant, Troy Lee Harms, appeals from a judgment revoking his community supervision, adjudicating his guilt, and sentencing him to prison for fifteen years. Sentence was pronounced in open court on November 15, 2001. Thus, the appellate record was due by January 14, 2002. TEX. R. APP. P. 35.2(a). Though the reporter's record has been received, the clerk's record has not. Furthermore, according to the court clerk, the record has not been developed because: 1) she has not received an order from

the trial court to develop same; 2) she has not received payment nor an affidavit of inability to pay from appellant; and 3) appellant has not made arrangements to pay for same.

Accordingly, we now abate this appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent;

3. whether counsel has been appointed to prosecute this appeal;

4. if counsel has not been appointed, whether appellant is entitled to appointed counsel; and

5. whether the appellant is entitled to the preparation of a free clerk's record.

The trial court shall cause the hearing to be transcribed. Furthermore, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and disclosing the name, address, state bar number, and telephone and fax numbers of counsel appointed, if any. The district court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 18, 2002. Should

2

further time be needed by the trial court to perform these tasks, then same must be requested before March 14, 2002.

It is so ordered.

Per Curiam

Do not publish.